**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN TATE, | ) | CASE NO: 1:11-cv-1368 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

Plaintiff, Steve Tate, filed this action seeking judicial review of a final administrative decision by Defendant, Michael J. Astrue, the Commissioner of Social Security, finding Plaintiff not disabled. On October 3, 2011, the parties filed a joint stipulation to remand this case to the Social Security Administration for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 10.) For the following reasons, this case is REMANDED pursuant to sentence six of 42 U.S.C. § 405(g).

Plaintiff's explain the basis of their joint stipulation as follows. An administrative law judge ("ALJ") ruled on Plaintiff's first application for disability benefits and found Plaintiff not disabled through July 30, 2010. The ruling on Plaintiff's first application is the basis of this case. Plaintiff had filed a second application for disability benefits while the first was pending. The ALJ who reviewed Plaintiff's second application found Plaintiff disabled beginning July 31, 2010, pursuant to Listing 2.10 from 20 C.F.R. Part 404, Subpart P, Appendix 1 (2010). The ALJ who reviewed Plaintiff's first application

did not address Listing 2.10.  The parties agree that this case should be returned to an ALJ to address whether Plaintiff's impairments met or medically equaled Listing 2.10 at any time covered by Plaintiff's first application.  The Commissioner assures that he does not, and will not challenge the finding of disability on Plaintiff's second application.

> Sentence six of 42 U.S.C. § 405(g) provides, in relevant part, the following:
>
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).

The parties filed their joint stipulation before the Commissioner filed his answer, and the parties agree that the ALJ's failure to address Listing 2.10 when reviewing Plaintiff's first application for disability benefits constitutes good cause for remand. Accordingly, this case is REMANDED pursuant to sentence six of 42 U.S.C. § 405(g) for an ALJ to address whether Plaintiff's impairments met or medically equaled Listing 2.10 at any time covered by Plaintiff's first application for disability benefits.

**IT IS SO ORDERED**.

/s/ *Solomon Oliver, Jr.*
Chief Judge
United States District Court

October 5, 2011